Filed April 22, 1892.

---

No. 15,788.

REDDICK ET AL. *v.* LORD ET AL.

WILL.—*Fee Simple Estate.*—*The Word " Heirs" Construed.*—Where a will gave a certain share of the testator's real estate to his daughter, " M. R., and her heirs (exclusively)," she took a fee-simple title to the real estate subject to be disposed of and conveyed by deed in which her husband should join. The word " heirs " in the will is used in its technical legal sense, and vests a fee in the first taker.

From the Rush Circuit Court.

*M. E. Forkner, D. S. Morgan* and *D. Morris,* for appellants.

*B. L. Smith* and *C. Cambern,* for appellees.

OLDS, J.—John Ruby, Sr., died testate, disposing of his property by an item in his will as follows:

" I will and bequeath to my wife, Margaret, one-third of all I possess, either real or personal, after all my just debts are paid, to be entirely at her disposal. The other two-thirds are to be equally divided among my four children, namely, Susanna Weasner, Margaret Isley, Caroline C. Barrett and Mary Reddick, and her heirs (exclusively)."

The contention of the appellant in this case is that the devise to Mary Reddick conveyed to her only a life-estate and that the remainder vested in her children to the exclusion of her husband, and that she had no power to convey the same by deed in which her husband joined, and that such deed was void and conveyed no title.

This contention can not be sustained. The language of the will is plain, and unnecessary to be construed. It gives to Mary Reddick a fee simple title to the real estate, subject to be disposed of and conveyed by deed in which her husband joins. It is a case which clearly comes within the rule in *Shelley's Case.* The word " heirs " is used in its technical legal sense, and vests a fee in the first taker.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 21, 1892.